## JOHN J. BRUGGER ET AL., APPELLANTS, *v.* ISAAC BUTLER ET AL., RESPONDENTS.

MILL AND MILL PRIVILEGES—RIGHTS OF GRANTEE OF.—An agreement in writing to convey by warranty deed a tract of land, together with the tenements, easements, saw-mill, mill privilege and appurtenances thereto belonging, carries with it whatever is necessary to the full enjoyment of such land and property rights. Under such an agreement the dam to the mill described may be tightened or raised higher if necessary, in order to create a sufficient head of water to run the saw-mill successfully.

APPEAL from Washington County.

The appellants are the owners of a tract of land upon which there is a grist-mill and a saw-mill. Both mills are run by a small stream of water known as Rock creek, the grist-mill being above the saw-mill.

They made an agreement in writing on May 8, 1875, with the respondents, by which they agreed to convey to them, within two years, a portion of the land in question, upon which the saw-mill is situated, with the tenements and easements, saw-mill, planing-mill, machinery, mill and water privileges, etc. Under this agreement the respondents took possession of the property, and tightened and raised the dam by which water for the saw-mill was supplied through a race for that purpose. These repairs and alterations upon the dam had the effect to fill up the race leading to the grist-mill of appellants to their injury and damage. Whereupon the appellants brought this action.

*A. C. Gibbs*, for appellants:

The defendants cannot exercise their rights so as to diminish those of the plaintiffs; nor can they decrease the flow of the water to plaintiffs' race by filling it up, or otherwise damage the plaintiffs in any manner. Both mills being in

existence at the time of the purchase, and supplied from
the same pond, created by the same dam, it is to be con-
clusively presumed that the defendants purchased with a
full knowledge of the rights of the plaintiffs, and that the
condition of the respective races, as well as the dam, was
to remain the same, subject to repairs, however. (*Stone* v.
*Clark*, 1 Met. 380; *Jones* v. *Percival*, 5 Pick. 486; Angel on
W. C., sec. 224; *Jennison* v. *Walker*, 11 Gray, 426; 7 Penn.
St. 442; *Bannon* v. *Angier*, 2 Allen, 128; *Hoyyand* v.
*Robinson*, 3 Mason, 272; 1 Sumner, 503; 1 Wood & M. 288;
Angel on W. C. sec. 155; *American Co.* v. *Bradford*, 27 Cal.
368; *Hill* v. *Smith*, 27 Id. 481; 46 Id. 346; *Patten* v. *Marden*,
14 Wisc. 517.)

*T. H. Tongue*, for respondents:

In conveying this property to respondents they impliedly
conveyed to them whatever was necessary for the full enjoy-
ment of it for the purposes granted, with all the easements
and appurtenances attached to and in use therewith at
the time of sale. (2 Wash. on Real Prop. 36; 10 Pick. 138;
1 Cush. 285; Wash. on Easements, 31; 4 Vt. 199; 1 Serg.
& Rawle, 169; 21 N. Y. 507; 2 Cush. 327 and 331. What
were the "mill privileges," and "water privileges," if not
the right to raise and use sufficient water to successfully
operate the mill; to use the creek in a manner "necessary"
to a good successful saw-mill? (2 Wash. on Real Prop. 28;
13 Pick. 326; Wash. on Easements, 34; 15 Ill. 581; 10 Me.
224; 17 Id. 281; 43 Ill. 71; 12 Id. 381.)

Appellants could not, in derogation of their grant to re-
spondents, reserve by implication the right to divert water
for the use of their own mill. (Wash. on Easements, 32;
19 Conn. 128; Wash. on Easements, 35; 17 Me. 169; 10 Id.
224; 21 Wend. 290; 7 Md. 352; 7 Allen, 370.)

By the Court, PRIM, C. J.:

This was an action commenced in the circuit court of
Washington county, by appellants, to recover damages and
to abate a nuisance resulting from the erection and raising
of a dam across Rock creek, above the saw-mill of respond-

ents, situated on said creek. It is alleged substantially in the complaint that appellants are the owners in fee-simple of a certain tract of land situated in Washington county, which is fully and particularly described in said complaint, and that the respondents are, and have been since the eighth day of March, 1875, in possession of a certain portion of said tract, under and by virtue of a certain agreement with appellants to purchase the same. That Rock creek, a small stream, runs through said piece of land, and that since the said eighth day of March, 1875, respondents have wrongfully and without the consent of appellants erected and raised a dam across said creek, by means of which appellants have suffered damages.

In answer to this complaint it is alleged by respondents that they are in the possession of the premises described in the complaint under and by virtue of an article of agreement with appellants, whereby they conveyed the same to them for two years from March 8, 1875, with an agreement for further conveyance, with full warranty, within two years from said date. That said premises were described in said deed as "containing four acres, more or less, together with all the tenements, easements, saw-mill, planing-mill, machinery, saw-mill and water privileges, and appurtenances thereunto belonging."

It is further alleged that Rock creek runs through the land described in the complaint, and upon which there was a saw-mill at the time said piece of land was purchased by respondents; and that on or about the —— day of ——, A. D. 1850, a dam was erected across said stream by appellants, which has been maintained ever since by said appellants until the date of said agreement, for the purpose of retaining and utilizing a sufficient quantity of said water to propel the machinery of said mill. That said premises were purchased for the purpose of obtaining the saw-mill·and water privileges connected therewith, and engaging in the manufacture of lumber and dressing the same; and that they have not been used by respondents for any other purpose since they went into possession of the same.

It is also alleged that they have done no more than was

necessary for the full and proper enjoyment and use of the mill and· privileges therewith connected; that they have done no more to said dam than was actually necessary to keep it in the condition in which it was maintained by appellants when sold by them to respondents. At the trial of this cause the agreement set up in the answer having been admitted by appellants, the court instructed the jury " that under said contract the respondents had the right to use all the water in said Rock creek, if necessary to a good and successful saw-mill, and if necessary for that purpose the respondents might raise the dam and close up the race leading from said pond to said grist-mill." To which instructions appellants then and there excepted. They then asked the court to instruct the jury " that if they find from the evidence that the lines are as claimed by appellants, then respondents had no right to raise the dam so as to wash out or stop up appellants' race leading to their grist-mill, or in any other manner to fill up said race."

This instruction was refused by the court, to which appellants also excepted. We think the instruction given by court to which exception was taken, was correct and properly given.

Rock creek, it appears, runs through the piece of land purchased from appellants, and furnishes the motive power by which the saw-mill and other machinery connected with said mill were run. That a race had been constructed for the purpose of diverting a portion of the water of said creek from its natural channel above the saw-mill of respondents so as to conduct a portion of said water to appellants' grist-mill; and that the stopping up of this race is one of the alleged causes of damages for which this action is brought.

Appellants having sold and conveyed the premises together with the saw-mill thereon, and mill and water privileges connected with and appurtenant thereto, granted to respondents whatever was necessary for the full enjoyment thereof. If it were necessary to fill up the race spoken of and to tighten or raise the dam higher in order to acquire a sufficient head of water to run the saw-mill successfully, they had the right under said agreement to do so. This

doctrine is fully sustained by the following decisions: *Ruckley* v. *Sprague,* 17 Me. 281; *Atkinson* v. *Bordman,* 2 Metc. 463; *Thayer* v. *Payne,* 2 Cush. 327.

In the first case cited above, it was held that "the grant of a saw-mill and grist-mill carries also the use of the head of water necessary to their enjoyment, with all incidents and appurtenances, so far as the right to convey to this extent existed in the grantor."

*Atkinson* v. *Bordman* is a much stronger case than the one under consideration. The opinion of the court was delivered by Mr. Chief Justice Shaw. In that case it was held that "the grant of a mill actually driven by water, though not described as a water-mill in the deed, carries with it a right to the stream which supplies the mill, although it comes to the mill wholly through other land of the grantor. He cannot divert it and thus derogate from the beneficial effect of his grant." The instruction asked by appellants was inconsistent with the propositions contained in the cases just cited above, and we think was properly refused by the court.

No error having been committed in this case affecting any substantial right of the appellants, the judgment of the court below should be affirmed.